NOT FOR PUBLICATION                                              (Doc. Nos. 15, 39, 49, 62)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
DAVID GLENN LIEPE,                        :
JOOYEON LIEPE,                            :
                                          :
       Plaintiffs,                        :   Civil No. 12-00040  (RBK/JS)
                                          :
       v.                                 :   **OPINION**
                                          :
ARNOLD GLENN LIEPE,                       :
                                          :
       Defendant.                         :
_____       :

**KUGLER**, United States District Judge:

       This matter comes before the Court on the motions of David Glenn Liepe ("D.L.") and Joo-Yeon Liepe ("J.L.") (collectively, "Plaintiffs") for partial summary judgment and for partial judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 56 and 12, respectively, against Arnold Glenn Liepe ("Defendant"). Plaintiffs bring this action for breach of contract claiming that Defendant failed to provide adequate financial support for J.L., as required by the I-864(a) form he allegedly signed. Plaintiffs have also filed two unclear motions pursuant to Federal Rule of Civil Procedure 56(h), contending that Defendants' affidavit was submitted in bad faith and with the intent to delay this proceeding. Plaintiffs state that this motion is independent from their motion for summary judgment. For the reasons expressed below, Plaintiffs' motions are **DENIED.**

I.  **BACKGROUND**

In 2007, D.L., an American citizen, and J.L., a South Korean national, married in South Korea.  D.L. Decl. Mot. Summ. J. ¶18.  D.L. had moved there temporarily for an international study abroad program.  Id. at ¶16.  In 2009, D.L. decided to return to the United States and J.L. applied for a visa to accompany her husband.  See Id. at ¶23.  Upon application, Plaintiffs learned that J.L. fell under a category of "inadmissible aliens" and was barred from admission into the United States due to her likelihood of becoming a "public charge."  See D.L. Decl. Mot. Summ. J. ¶23; see 8 U.S.C. § 1182 (2006).  In order to overcome this bar, J.L. needed a sponsor who would agree to support her if necessary to prevent reliance on public assistance.  The sponsor had to demonstrate the means to maintain J.L. at an annual income level of 125 percent of the Federal poverty line and would memorialize this agreement by submitting an "Affidavit of Support," or I-864 form.  See 8 C.F.R. §213a.2 (2011).  If the sponsor failed to full this obligation and J.L. became a permanent resident, she could sue the sponsor directly for owed support.  See Id.

D.L. intended to sponsor his wife, but quickly learned that his income as a full-time student was insufficient.  D.L. Decl. Mot. Summ. J. ¶23.  Consequently, Plaintiffs asked D.L.'s father, Defendant, to act as a co-sponsor.  As a co-sponsor, or "household member," Defendant was required to complete an I-864A form.  D.L. Decl. Mot. Summ. J. ¶24; see 8 C.F.R. 213a.2.  Under this form, the household member contracts with the sponsor "to provide as much financial assistance as may be necessary to enable the sponsor to maintain the intending immigrants at the [required] annual income level."  8 C.F.R. 213a.2.  The household member also agrees "to be jointly and severally liable for any reimbursement obligation that the sponsor may incur."  Id.

Plaintiffs allege that Defendant agreed to assume this obligation and signed the I-864A form to co-sponsor J.L.  See D.L. Decl. Mot. Summ. J. ¶25.

In January 2010, J.L received her visa and Plaintiffs began living in Defendant's New Jersey home.  Def.'s Aff. at ¶6.  During this time, Defendant did not charge rent and paid an unspecified amount to provide for Plaintiffs and their two dogs. Id.  Plaintiffs later moved to Defendant's Missouri home and lived there for four months, again without paying rent. Id. at ¶8.  Defendant also alleges that he purchased a car for Plaintiffs, which they later sold for $5,100.  See Def.'s Aff. at ¶5; D.L. Decl. Mot. Summ. J. ¶31.  In November 2011, Plaintiffs moved to Los Angeles.  Def.'s Aff. ¶9.  D.L. is currently enrolled in classes at an online California-based law school.  Id.  J.L. is taking English proficiency classes and is also pursuing a degree in dental technology.  J.L. Decl. Mot. Summ. J. ¶17.

Plaintiffs allege that Defendant has failed to provide adequate financial support for J.L. and is consequently in breach of their contract. Compl. at 2.  Defendant challenges the validity of the alleged contract and also contends that the couple should have remained in Missouri where he was supporting them.  Def.'s Resp. Pl. Statement of Proposed Undisputed Facts ¶4; Def.'s Aff. ¶9.

## II.   LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations

regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F.Supp.2d 572, 575 (D.N.J. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.  Summary judgment is proper when, "after adequate time for discovery and upon motion," a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see Fed.R.Civ.P. 56(c).

Similarly, judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008).  In reviewing whether to grant a Rule 12(c) motion, the court "must view the facts presented in the pleadings and the inferences drawn from them in the light most favorable to the nonmoving party." Id. (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).  When matters outside of the pleadings are presented to and considered by the court, the motion must be treated as one for summary judgment. Fed. R. Civ. Proc. R. 12(c); Rosenau, 539 F.3d at 225.  The Third Circuit, however, has held that the rule "does not prohibit a district court from considering exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents." Syndicate 1245 At Lloyd's v. Walnut Advisory Corp., 721 F.Supp.2d 307, 314 (D.N.J. 2010); see Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.   DISCUSSION

Plaintiffs have filed a motion for partial summary judgment, two virtually identical motions pursuant to Rule 56(h), and a later motion for partial judgment on the pleadings.  Although Plaintiffs' 56(h) "motions" demand action from the Court, the motions do not specify what they

seek. The language of Rule 56(h) allows a court to order that the non-movant pay the reasonable expenses of a party moving for summary judgment if the court is "satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay." Fed. R. Civ. Proc. R. 56(h). Plaintiffs emphasize that their Rule 56(h) motions, though filed pursuant to the Federal Rule of Civil Procedure that governs summary judgment, are independent from their previously filed summary judgment motion. This Court will construe them as a request for fees in connection with their summary judgment motion.

Plaintiffs also filed a motion for partial judgment on the pleadings one month before the close of discovery. Appended to Plaintiffs' motion are one page of the I-864A form, photo copies of J.L.'s permanent resident card and license, Plaintiffs' request for admissions and Defendant's response, and a 2002 psychological evaluation of Defendant. Plaintiffs' motion for judgment on the pleadings presents evidence outside of the scope of the pleadings and will be instead treated as a duplicative motion for summary judgment. See Fed. R. Civ. Proc. R. 12(d); Rosenau, 539 F.3d at 225. Accordingly, this Court will consider all four of Plaintiffs' motions together as one motion for summary judgment.

Plaintiffs have twice moved for this Court to rule that the parties have a binding contract and that Defendant has an ongoing financial obligation to J.L. See Pl. Mot. Summ. J. at 14; Pl. Mot. J. Pleadings at 10. Plaintiffs have not yet established either proposition as a matter of law and summary judgment must be denied accordingly. Plaintiffs appended e-mails allegedly sent from D.L. to Defendant requesting Defendants' sponsorship and providing information about the potential arrangement. See Pl. Mot. Summ. J. Ex. E. Plaintiffs did not submit any of Defendant's responses, however, in which he actually agreed to assume this obligation as they allege. Plaintiffs have not even established that the redacted e-mail address listed on the

submitted e-mails actually belongs to Defendant.  Plaintiffs have also failed to submit the central document of the case, the I-864A form, in its entirety.  Instead, Plaintiffs submitted one page of the form, which is in and of itself incomplete because it lacks D.L.'s required signature.  See Pl. Mot. Summ. J. Ex. S-1.

The question of whether Plaintiffs have a binding contract with Defendant remains in dispute.  Even if the contract were not in dispute, genuine issues of material fact would remain.  These issues do not even include questions of past support and the value of indirect monetary support Defendant allegedly provided in the form of housing, supplies, and a car.  Plaintiffs are not entitled to judgment as a matter of law.  Plaintiffs' motions for summary judgment, judgment on the pleadings, and reasonable fees are accordingly DENIED.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, and Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12, are DENIED.  An accompanying order shall issue today.

Dated: 12/10/2012                                       /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge